**SO ORDERED.**

**SIGNED August 10, 2006.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF LOUISIANA


IN RE:

SCULLY'S ALUMINUM CRAFTS, INC.            CASE NO. 03-52508

     Debtor                               CHAPTER 7

-----------------------------------------------------------------
ELIZABETH G. ANDRUS, TRUSTEE,

     Plaintiff

VERSUS                                    ADV. CASE NO. 04-5087

SCULLY'S METAL FABRICATION, INC.,
SCULLY'S ALUMINUM BOATS, INC.,
CONTAINERAID, INC. and
ELWOOD SCULLY, JR.,

     Defendants

-----------------------------------------------------------------
                     REASONS FOR DECISION
-----------------------------------------------------------------
```

Scully's Aluminum Crafts, Inc. ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on

October 24, 2003. Elizabeth G. Andrus ("Trustee") is the duly appointed and qualified chapter 7 trustee.

The Trustee has filed the pending complaint seeking to hold the Elwood Scully, Jr., Scully's Metal Fabrication, Inc., ("Fabrication"), Scully's Aluminum Boats, Inc. ("Boats"), Containeraid, Inc. ("Containeraid"), liable for all debts of the Debtor. The Trustee's action is brought on the basis that the Defendants operated along with the Debtor as a "single business enterprise," or, alternatively, that the Defendants are liable under the theory of "successor liability."

Cross motions for summary judgment are presently before the court. A hearing on the motions was held on April 4, 2006. After hearing argument of counsel, the matter was taken under advisement.

## I. JURISDICTION

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

## II. FACTUAL BACKGROUND

The Debtor's business consisted primarily of the manufacture and sale of aluminum boats and some oilfield products. Throughout the years of operations, the Debtor was involved in numerous law suits, particular redhibition and warranty actions. Upon advise of counsel and its accountants, Mr. Scully determined a restructure of the business operations was in order. The plan envisioned the shutdown of the Debtor with the former businesses operations being divided among new corporations. The new entities would then establish written and contractual warranties for sales of fabricated items including boats, all aimed at providing better protection against frivolous lawsuits.

Over several years, Elwood Scully, Jr., the owner of 100% of the Debtor's stock, advanced personal funds to the Debtor. In furtherance of the plan to restructure the business affairs, and to memorialize this debt, a promissory note and security agreement were executed on September 27, 2002. As a result of this transaction, Mr. Scully held a security interest in all assets of the Debtor. The assets of the Debtor were then transferred to Mr. Scully in full satisfaction of this obligation.

As part of the restructure, the Debtor's former business operations were parceled out and transferred to the defendant corporations. Thus, Fabrication assumed the manufacturing and

04-05087 - #38 File 08/10/06 Enter 08/10/06 11:30:07 Main Document Pg 3 of 9

fabricating business and Boats was given control of the retail sales and advertising business. The physical assets were transferred to Containeraid, which were thereafter leased to Fabrication and Boats for use in their respective operations. The Debtor ceased its operations on or about December 31, 2002.

### III. SUMMARY JUDGMENT STANDARD

Rule 56(c), Fed. R. Civ. P.[1], requires summary judgment to "be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A summary judgment can be granted if the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ibid.; Hale v. Townley, 45 F.3d 914, 917 (5th Cir. 1995). "Under Fed. R. Civ. P. 56 (c), the moving party bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." In re Browning-Ferris Industries, Inc. Securities Litigation, 876 F. Supp. 870, 877 (S.D. Tex. 1995), citing Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S. Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291, 294 (5th Cir. 1987).

---

[1] Rule 56, Fed. R. Civ. P., applies in adversary proceedings. Rule 7056, Fed. R. Bank. P.

Page 4

The party moving for summary judgment bears the burden of establishing by affidavit or other evidence that there is no genuine dispute as to any material fact necessary to the resolution of the case before the Court and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986). However, "[s]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

## IV.  LAW AND ANALYSIS

The Trustee has asserted two bases for recovery against the Defendants, namely that the Defendants and the Debtor operated as a single business enterprise and that the Defendants are liable for the Debtor's debts under the successor liability theory. The court will address each theory separately.

**A. SINGLE BUSINESS ENTERPRISE.**

Several Louisiana courts have interpreted the single business enterprise doctrine. The single business enterprise doctrine is an equitable doctrine applied to reflect partnership-type liability to principals when corporations integrate their resources in operations to achieve a common business purpose. Thus, when corporations represent precisely the same single interests, a court

Page 5

is free to disregard their separate corporate entity.  <u>Grayson v. R.B. Ammon & Associates, Inc.</u>, 778 So.2d 1, 14 (La. App. 1st Cir. 2003); <u>Commercial Union Insurance Company v. CBC Temporary Staffing Services, Inc.</u>, 897 So.2d 651 (La. App. 1st Cir. 2004); and <u>Green v. Champion Insurance Company</u>, 577 So.2d 249 (La. App. 1st Cir. 1991).  The Louisiana courts have held that a court may disregard the concept of corporate separateness and extend liability to each of the affiliated corporations for the purpose of preventing fraud or achieving equity when the court has found that a group of affiliated corporations constitutes a single business enterprise. <u>Brown v. Automotive Casualty Insurance Company</u>, 644 So.2d 723 (La. App. 1st Cir. 1994).

The facts of the instant case are distinct from the cases decided by the Louisiana courts in one very important aspect.  In the instant case, the Defendants never operated at the same time as the Debtor.  The Debtor never did any business with, nor was ever associated in business enterprises with, any of the Defendants.  The Defendants never functioned as affiliates or branches of the Debtor.  For that reason, the court finds that the single business enterprise doctrine is not applicable to the facts of the instant case.

**B. SUCCESSOR LIABILITY.**

The Trustee also claims that the Defendants are simply the successors of the Debtor and are therefore liable for the

Page 6

04-05087 - #38  File 08/10/06  Enter 08/10/06 11:30:07  Main Document  Pg 6 of 9

obligations of the Debtor under the theory of successor liability. The Louisiana Supreme Court has set forth the theory of successor liability as follows:

> according to the consensus of judicial opinion in this country, a newly organized corporation is liable for the debts of an old one, to the business and property of which it has succeeded, where it is shown that the succession was the result of a transaction entered into in fraud of the creditors of the old corporation, or that the circumstances attending the creation of the new corporation were of such a character as to warrant the finding that the new corporation is merely a continuation of the old corporation.

<u>Wolff v. Shreveport Gas Electric Light & Power</u>, 70 So. 789, 794 (La. 1916).

When fraud or deceit is absent, however, other circumstances must be so strong as to clearly indicate that the corporation and shareholder operated as one. <u>Kingsman Enterprises, Inc. v. Bakerfield Electric Company</u>, 338 So.2d 1280, 1284 (La. App. 1st Cir. 1976). In <u>Wolff</u>, the court was addressing persons dealing with themselves and transferring assets of one corporation to another for the issuance of stock. In the current case, the assets were not transferred in exchange for stock in the new corporations-they were transferred initially in exchange for cancellation of indebtedness and then transferred into the new entities. Here, the Debtor was closed and its assets were transferred to satisfy an obligation owed pursuant to a promissory note and security

Page 7

agreement that were issued.  Further, the fact that several new corporations were formed with entirely different functions demonstrates a legitimate restructuring effort.  Mr. Scully did not merely create a new corporation and shift the assets into it, rather, he divided the different business aspects of the Debtor into new corporations.  The reason for the restructure was valid, namely, to provide the entire business operations with some relief from what was considered improper litigation.  There is no evidence to suggest the restructure was accomplished for any other purpose. The court therefore concludes that the successor liability theory is not applicable to the facts in this case.

## V.  CONCLUSION

While the initial transfer of the assets of the Debtor to Mr. Scully may, in fact, have constituted an avoidable transfer, the Trustee has not sought to avoid that transfer and it appears that such an action is now time-barred.  The Trustee's alternate theories simply have no merit.  For the foregoing reasons, the court finds that there are no genuine issues of material fact and that summary judgment in favor of the Defendants is appropriate.

Accordingly, the Trustee's Motion for Summary Judgment is **DENIED** and the Defendants' Motion for Summary Judgment is **GRANTED**. Judgment is rendered in favor of the Defendants dismissing the above captioned complaint with prejudice.  Counsel for Defendants

shall submit an order in conformity with the foregoing reasons within 20 days.

**IT IS SO ORDERED.**

###